IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SHAWN HAMILTON, )
)
    Petitioner, )
)
v. ) CASE NO. CV409-102
)
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

## ORDER

Before the Court is Petitioner's "Motion to Reopen the Time to File His Notice of Appeal and Request for Certificate of Appealability." (Doc. 23.) For the following reasons, Petitioner's motion is **DENIED**. Additionally, Petitioner's "Motion for Extension of Time to File Response" (Doc. 25) is **DISMISSED AS MOOT**.

Petitioner was sentenced to 157 months' imprisonment after a jury found him guilty of possessing with intent to distribute crack cocaine and ecstasy, possessing a firearm by a convicted felon, and carrying a firearm in relation to a drug trafficking crime. (CR407-122 Doc. 53.) After unsuccessfully appealing his conviction, United States v. Hamilton, 299 F. App'x 878 (11th Cir. 2008) (per curiam), Petitioner filed a motion to vacate under 28 U.S.C. § 2255. (Doc. 1.) On September 17, 2009, the Magistrate Judge issued

a report and recommendation that the § 2255 petition should be denied (Doc. 7.) The Court then granted Petitioner's request for additional time to file any objections to the report and recommendation (Doc. 10). However, no objections were ever filed.

On April 6, 2010, this Court adopted the report and recommendation denying the § 2255 petition and closing the case. (Doc. 18.) The Clerk of Court entered judgment dismissing the petition on the same day. (Doc. 19.) Because Petitioner had not apprised the Court of his current address (Doc. 22), the April 6, 2010 order and judgment were returned as undeliverable mail (Doc. 20).[1] After receiving Petitioner's new address on August 23, 2010, the Clerk of Court mailed Petitioner the previously returned docket entries, which included the April 6, 2010 order and judgment as well as a copy of the docket sheet. Those items were not returned to the Clerk of Court as undeliverable.

Over five months later, on January 26, 2011, Petitioner filed a motion seeking to reopen the case to file an appeal

---

[1] In fact, Petitioner transferred prisons at least three times between September 22, 2009 and August 16, 2010 (Doc. 26 Ex. A ¶¶ 3-7) and did not apprise the Court of any of these address changes. The Court reminds Petitioner that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the Court of any address change." S.D. Ga. L.R. 11.1; accord Bazemore v. United States, 292 F. App'x 873, 875 n.4 (11th Cir. 2008) (unpublished).

2

and requesting a certificate of appealability. (Doc. 23.) Petitioner alleges that, pursuant to Federal Rule of Appellate Procedure 4(a)(6), he is entitled to have this Court reopen the case because he never received formal notice of the order or judgment. (Id. at 4.) The Government opposes on the grounds that the motion is not timely. (Doc. 24.)

Generally, a party in a civil case has thirty days from the date of entry of a judgment or order to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). District courts have the power to extend the time for filing a notice of appeal in two situations. First, the Court may extend the time if a party files a motion requesting an extension within thirty days of the expiration of the original deadline and shows excusable neglect or good cause. Id. 4(a)(5)(A). In effect, the party must file the request within sixty days of the judgment or order being appealed from. Second, the Court may reopen the time for filing a notice of appeal if the moving party failed to receive notice of the entry of the judgment or order being appealed. Id. 4(a)(6). However, any motion requesting such relief must be filed within 14 days after receiving notice of the judgment or, no later than 180 days from entry of the judgment or order being appealed, "whichever is earlier." Id. 4(a)(6)(B) (emphasis added).

Indeed, this Court is unable to grant Petitioner his requested relief because his motion was filed 295 days after the entry of judgment. The Federal Rules of Appellate Procedure expressly forbid this Court from granting a motion for an out of time appeal filed more than 180 days after the entry of judgment. See Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1311 (11th Cir. 2002) (noting that appellant was prevented from filing an out of time appeal since "the judgment could not be reopened under Rule 4(a)(6) because more than 180 days had elapsed since the entry of the order"); see also Daniel v. United States, 231 F. App'x 937, 937-38 (11th Cir. 2007) (unpublished) (per curiam) (ruling that district court properly denied motion because it was filed outside of the 180-day time limit prescribed in Rule 4(a)(6)). Furthermore, both the United States Supreme Court and the Eleventh Circuit Court of Appeals have closed to Petitioner the possibility of any equitable relief. See Bowles v. Russell, 551 U.S. 205, 214 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement. Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate."), Van Ferrell v. Grubbs, 45 F. App'x 860, 862 (11th Cir. 2002) (unpublished) (" '[N]othing within Rule

4

4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons. The 180-day limitation . . . is specific and unequivocal.' " (quoting Clark v. Lavallie, 204 F.3d 1038, 1040 (10th Cir. 2000) (alteration in original))). The notes to Rule 4(a)(6)(B) reinforce this construction by stating that "an appeal cannot be brought more than 180 days after entry, no matter what the circumstances." Fed. R. App. P. 4(a)(6)(B) advisory committee note to the 2005 amendments. This Court is constrained by this authority and, as a result, Petitioner's motion must be **DENIED**.

Pursuant to 28 U.S.C. § 2253(c), an appeal may not be taken in this matter unless the court issues a Certificate of Appealability. This certificate may issue only if Plaintiff has made a substantial showing of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court has carefully considered Petitioner's motion and finds that he cannot meet the above standard. Accordingly, Plaintiff's request for a Certificate of Appealability is **DENIED**.

SO ORDERED this 7th day of March 2012.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA